UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TARRANCE ALLEN,

      Plaintiff,

v.

      Case No. 3:25-cv-1256-MMH-SJH

JAMES UTHMEIER and
STATE ACTORS,

      Defendants.

---

## <u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

Plaintiff Tarrance Allen, an inmate of the Florida Department of Corrections, is proceeding on a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint, Doc. 1). Plaintiff is suing Florida Attorney General James Uthmeier and unidentified "State Actors," in their official capacity. Id. at 2. Plaintiff alleges violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Id. at 3. Plaintiff appears to allege that a no-contact order was entered in state court on October 9, 2024, which expires on October 9, 2025 (the date on which Plaintiff mailed his Complaint[1]), and which prevents Plaintiff from participating in a work-release program. Id. at

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

5. As relief, Plaintiff asks the Court to "order Duval State Attorney to close the no[-]contact order." Id.

Plaintiff has not properly initiated an action in this Court. To the extent he challenges an active state court no-contact order,[2] this Court will not interfere with ongoing state court proceedings, barring certain exceptions not applicable here. See Younger v. Harris, 401 U.S. 37, 43–44 (1971); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004); Butler v. Ala. Jud. Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted).[3] Moreover,

_____

[2] Based on the Court's limited access to the state court dockets and Plaintiff's failure to explain or attach relevant documentation as to which court entered the subject no-contact order or identify the case number, the Court is left to speculate about the nature of Plaintiff's claims and whether such claims could be redressed in this Court. It appears that several criminal proceedings were commenced against Plaintiff in Duval County Circuit Court in 2024 (Nos. 2024-CF-7092, 2024-CF-7100, and 2024-CF-7106), of which the Court takes judicial notice. See Paez v. Sec'y, Fla. Dep't of Corrs., 947 F.3d 649, 651–52 (11th Cir. 2020) (holding that a district court may take judicial notice of online state court docket sheets). The dockets in those cases, however, do not seem to reflect a no-contact order entered by the sentencing court on October 9, 2024, as Plaintiff alleges. See Doc. 1 at 4–5.

[3] "There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Johnson v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022). Based on the Court's review of the Complaint and the state court dockets, Plaintiff has not even attempted to show that any of the three exceptions to abstention would apply in this case.

to the extent Plaintiff attempts to challenge a state court judgment of conviction or sentence, he may initiate a habeas corpus case in the appropriate jurisdiction after exhausting his state remedies. At this time, Plaintiff has not properly initiated a federal habeas corpus action under 28 U.S.C. §§ 2241 or 2254. See M.D. Fla. R. 6.04(a) ("A pro se person in custody must use the standard form[.]").

Therefore, it is now **ORDERED**:

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2026.

**MARCIA MORALES HOWARD**
Chief United States District Judge

Jax-11
c:     Tarrance Allen, #134177

3